75 N.J. Super. 413 (1962)
183 A.2d 431
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWARD T. MARTIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 19, 1962.
Decided July 5, 1962.
*414 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. Sidney P. McCord, Jr., argued the cause for defendant-appellant (Mr. Joseph Asbell, attorney; Mr. McCord and Messrs. McCord, Farrell and Eynon, of counsel).
Mr. Thomas F. Tansey, Deputy Attorney General, argued the cause for plaintiff-respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Mr. Tansey, of counsel).
The opinion of the court was delivered by PRICE, S.J.A.D.
Defendant appeals from an order of the Acting Director, Division of Motor Vehicles, suspending *415 his motor vehicle "driving privileges" for a period of one year. The administrative proceedings under review were initiated as the result of an accident on October 25, 1960 in which an automobile owned and operated by defendant struck and killed a pedestrian on a public street in the City of Camden.
By this appeal defendant challenges the propriety of the aforesaid action of the Acting Director on the ground that the violation forming the basis of that action was at variance with the charge set forth in the notice of revocation initiating the proceedings against him.
We desire to note, parenthetically, that in view of the recent opinion of the Supreme Court in Atkinson v. Parsekian, 37 N.J. 143 (1962), there is no doubt that the Acting Director had jurisdiction to act in the premises.
In the case at bar, on application of defendant, a hearing on the proposed revocation of his license was held by a hearing officer in the Division. Following the filing of that officer's report with the Acting Director, the latter adjudged that defendant "did violate the intent of R.S. [N.J.S.A.] 39:4-36" and directed the aforesaid suspension of his driver's license.
The record before us does not include a transcript of the testimony given at the hearing. Instead thereof, the hearing officer's report contains a summary only of such testimony, together with certain exhibits, including photographs and diagrams of the accident scene, reports of police officers, a written statement by defendant, and a statement by an officer outlining the information given to him by the sole eyewitness of the accident.
The accident in question occurred at 11:30 A.M. on October 25, 1960. Defendant, who had been operating his car in a southbound direction on River Road in Camden, brought the vehicle to a stop in obedience to a red signal on a traffic light at that road's intersection with East State Street. While waiting for the light to change, defendant saw decedent (who was an 86-year-old man) standing near *416 a telephone pole on the southeast corner of the intersection. The report recited a police officer's testimony (concerning defendant's explanation to him of the circumstances surrounding the happening of the accident) as follows: "* * * as soon as [the light] turned green [defendant] started out again and as he entered the intersection of State St., the pedestrian stepped off the curb in front of him; * * * that he attempted to stop but was unable to stop before he hit the pedestrian."
The hearing officer's report summarized the testimony of a woman motorist (the eyewitness above mentioned) as follows:
"* * * she noticed that the pedestrian was on the sidewalk and that the defendant's vehicle was approaching from the east; * * * that the pedestrian waited for the light to change and as it changed green in his favor he started to cross the street. She is not sure if the pedestrian was in the cross-walk or not. She thinks he was but she could not definitely state that he was. She said that he was in the street before being struck and that he was walking slow and he held up his left hand just before being hit as though to ward off the vehicle. * * * She said the defendant was not going fast, that he had just started out as he had been stopped for the red light. She stated that she thinks that the victim was hit by the left side of the defendant's car. * * * She stated that she believes the defendant's vehicle and the pedestrian both started out at the same time. She said the victim had not reached the center of the street when struck."
The hearing officer in his summary of her cross-examination stated that:
"[S]he is not positive that both the vehicle and the pedestrian started out at the same time. She feels there was no careless driving on the part of the defendant."
Summarizing a portion of the testimony of a police detective, who had prepared a diagram of the accident scene, the hearing officer stated that the detective testified "that the telephone pole was about 4 to 8 ft. from the crosswalk."
Defendant's testimony, as summarized by the hearing officer, included a statement that the collision occurred when *417 decedent was "3 to 4 feet out from the curb" and that the "right front of the car" struck decedent, but that on subsequent inspection the vehicle bore no evidence of the point of impact. The summary of defendant's testimony included no reference to the crosswalk.
By a written notice dated March 13, 1961 (stated by the Acting Director to be authorized by the provisions of N.J.S.A. 39:5-30), defendant was informed of the proposed revocation of his driver's license, to become effective ten days from the aforesaid date, for the following reason:
"Reason: involved in an accident on October 25, 1960 on East State Street, River Road, Camden, N.J., while operating a motor vehicle in violation of the law; to wit: Section 39:4-36 R.S. (failed to yield to pedestrian crossing on a crosswalk) resulting in the death of Charles Levick, Camden, N.J." (Emphasis supplied)
Pursuant to defendant's application for a hearing, the Acting Director, by letter, directed defendant to appear on a specified date "for a hearing on the charge outlined in our proposed notice of revocation of your driver's license privilege." (Emphasis supplied)
Following the hearing, the hearing officer submitted his aforesaid report to the Acting Director in which he specifically found that decedent was "not * * * in the crosswalk" at the time he was struck by defendant's car. Our review of the record leads us to the conclusion that the proofs support the accuracy of that finding. In fact, implicit in the State's argument on this appeal is recognition of the finding that decedent was not within the crosswalk when he was struck by defendant's car. The hearing officer, in recommending the suspension of defendant's license for one year, expressed his conclusions as follows:
"There is some question as to whether the pedestrian was crossing the street in the crosswalk or not. The only eye-witness could not definitely place the victim in the crosswalk. She thinks he was in the walk or close to it. The testimony indicates that the defendant *418 failed to perceive the pedestrian even though he knew he was there on the curb and might cross the street in front of him. Also there were no obstructions between him and the pedestrian to prevent him from seeing him. The fact that the pedestrian may not have been in the crosswalk does not relieve the driver of the responsibility to yield and to allow him to continue to cross the street, he was in the street when struck.
I find that the defendant failed to yield the right of way to the pedestrian. The testimony indicates that the pedestrian contributed to the accident by walking out into the street and not being in the crosswalk. The lack of skid marks and the fact that the defendant's vehicle travelled about 40 some feet from the crosswalk would indicate that he did not apply his brakes in an emergency manner.
In view of the contribution by the pedestrian it is my recommendation that the defendant's driving privilege be revoked for a period of only one year." (Emphasis supplied)
Following defendant's "exception to the Hearing Officer's recommendation," the Acting Director in a memorandum decision stated:
"* * * Testimony from the disinterested witness indicates that if the victim was not in the crosswalk, he was at least in close proximity to it. It is my opinion that the Legislature did not intend that a pedestrian who is crossing a street with a green light would be fair game for a motorist executing a left turn merely because the pedestrian was not in the precise confines of a cross-walk.
It is my finding that Edward T. Martin did violate the intent of R.S. 39:4-36 (failing to yield to a pedestrian crossing on a cross-walk) and as a result of this violation, an accident occurred which took the life of Charles Levick." (Emphasis supplied)
The formal order of suspension recited the reason for suspension as follows:
"REASON FOR SUSPENSION:
involved in an accident on Oct. 25, 1960 on East State St., River Road, Camden, N.J., while operating a motor vehicle in violation of the law; to wit: Section 39:4-36 R.S. (failed to yield to pedestrian crossing on a crosswalk) resulting in the death of Charles Levick, Camden, N.J."
As hereinabove stated, defendant's contention on appeal is that the Division's aforesaid notice of the proposed revocation *419 of his license inadequately apprised him of the charge on the basis of which his license was suspended; that the notice charged him with the actual violation of N.J.S.A. 39:4-36, while the basis of his license suspension was made to rest upon a determination that the intent of the statute had been violated.
The pertinent part of said section provides:
"The driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within a crosswalk except at crosswalks when the movement of traffic is being regulated by police officers or traffic control signals, and except where a pedestrian tunnel or overhead pedestrian crossing has been provided, but no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield." (Emphasis supplied)
In urging a reversal of his license suspension, defendant argues that since decedent was not within the crosswalk, defendant was not in violation of N.J.S.A. 39:4-36 and a suspension of his license could not validly be based thereon. The State claims that defendant at least violated the intent of the statute and urges that this court should not "exalt technical and literal strictness to the sacrifice of essential justice." It is claimed by the State in its brief that defendant was not prejudiced by the content of the notice because it served to advise him that "the reasons for the proposed revocation were grounded in the facts thus set out in the notice." Moreover, argues the State, there were "reasonable grounds" for suspension of defendant's license other than the violation of the intent of the aforesaid statutory section (N.J.S.A. 39:4-36).
In resolving the issue presented, we initially analyze the Acting Director's authority to suspend drivers' licenses. N.J.S.A. 39:5-30 provides in pertinent part:
"Every registration certificate and every license certificate to drive motor vehicles may be suspended or revoked, * * * for a violation of any of the provisions of this Title or on any other reasonable grounds, after due notice in writing of such proposed suspension, *420 revocation or prohibition and the ground thereof." (Emphasis supplied)
The above-quoted statute empowered the Acting Director to revoke or suspend a driver's license on either of two grounds: (a) "a violation of any of the provisions of" Title 39, or (b) "on any other reasonable grounds." The statute specifically required that the Acting Director notify the licensee (in this case defendant) of the ground on which he elected to institute proceedings referable to defendant's license. The Acting Director selected as the basis for his action the alleged violation of a provision of Title 39 (N.J.S.A. 39:4-36). However, his aforesaid "memorandum decision" incontrovertibly demonstrates that his suspension of defendant's license was based, not on a violation of N.J.S.A. 39:4-36, but on a violation of the intent of that statute. We are in disagreement with the suggestion that a finding of the alleged violation of the intent of the foregoing statute is equivalent to a finding of its actual violation as charged.
In contending that he was justified in his action, the Acting Director relies in part upon his power to suspend "on any other reasonable grounds." There is no doubt that had he selected another "reasonable ground" as the basis for his action against defendant, his decision, if supported by adequate proofs, would be sustainable.
If, as contended by the Acting Director, the true basis for his suspension of defendant's license is his conclusion of the existence of "other reasonable grounds" therefor, he was obliged to notify defendant of those grounds. A licensee, situated as was defendant, is entitled to be apprised of the specific charge he is called upon to meet. Bechler v. Parsekian, 36 N.J. 242, 257 (1961). A suspension of his license based on a charge other than the specific one of which he received notice cannot stand. Parsekian v. Cresse, 75 N.J. Super. 405 (App. Div. 1962).
The aforesaid order of the Acting Director, suspending defendant's driving privileges, is reversed. No costs.